UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARIN ECK,<br><br>Plaintiff,<br><br>v.<br><br>JOHN PAUL MITCHELL SYSTEMS; L'ORÉAL USA, INC.; L'ORÉAL USA PRODUCTS, INC.; WELLA OPERATIONS US, LLC; WELLA PROFESSIONALS; COTY, INC.; KOHLBERG KRAVIS ROBERT & CO. a/k/a KKR & CO., INC.; GOLDWELL; GOLDWELL NEW YORK; KAO USA, INC.; BRISTOL-MYERS SQUIBB; PROCTER & GAMBLE HAIR CARE, LLC; HENKEL a/k/a HENKEL AG & Co. KGaA; SCHWARZKOPF; JOICO; PRAVANA; CLAIROL; AVEDA CORPORATION; FRAMESI SpA; FRAMKAT L.P. d/b/a FRAMESI NORTH AMERICA; FT PITT FRAMESI, LTD.; COSMOPROF SERVICES USA, LLC; SALLY BEAUTY HOLDINGS, INC.; and JOHN DOE CORPORATIONS 1-100, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO: **THE JUDGES FOR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE**, that Defendant Henkel Corporation ("Henkel"), improperly named herein as "Henkel a/k/a Henkel AG & Co. KGaA" pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, by and through its undersigned counsel, hereby removes the action entitled *Eck v. John Paul Mitchell Systems*, filed in the Supreme Court of the State of New York, County of New York, Index No. 165813/2025, to the United States District Court for the Southern District of New York.[1] As required by 28 U.S.C. § 1446(a), Defendant sets forth below a short and plain statement of the grounds for removal:

---

[1] By removing this action to this Court, Defendant does not waive any defenses, objections, or responsive pleadings available under State or Federal law. Defendant expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal for lack of personal jurisdiction, improper venue, forum non conveniens, res judicata or on any other applicable grounds.

1

**I.    PROCEDURAL HISTORY**

1. Plaintiff commenced this action on or about December 5, 2025, by filing a Summons with Notice in the Supreme Court of the State of New York, County of New York, under Index No. 165813/2025 against numerous defendants, including Henkel (the "State Court Action"). Declaration of Keith E. Smith ("Smith Decl."), ¶ 5, Ex. A.

2. The Summons with Notice has not been served on Henkel.

3. As set forth in the Summons with Notice, Plaintiff alleges Plaintiff developed bladder cancer as a result of using Defendants' hair dye products. *See,* Smith Decl. Ex. A.

4. Henkel denies Plaintiff's claims and denies any liability for Plaintiff's alleged injuries.

**II.    GROUNDS FOR REMOVAL**

5. This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. Venue is proper as Plaintiff filed this action in New York County Supreme Court, which sits within the jurisdiction of the United States District Court for the Southern District of New York.

8. Henkel's removal is timely under 28 U.S.C. § 1446(b)(1) because Henkel has not

been properly served with the Complaint. Thus, Henkel's time to remove this case has not expired.

9. Removal is timely in that Henkel filed this Notice of Removal within 30 days of receipt, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based. *See* 28 U.S.C. § 1446(b)(1). This Notice of Removal is filed within 30 days of the filing of the Summons with Notice. In fact, since it has been less than 30-days since the action was commenced, the removal is timely as to all defendants.

10. In the Second Circuit, removal of a Summons with Notice is proper because it "generally provides information from which a defendant can ascertain removability." *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 204 (2d Cir. 2001) (holding a summons with notice may constitute an initial pleading for purposes of the federal removal statute).

11. Plaintiff filed the State Court Action in the Supreme Court of the State of New York, County of New York. Thus, pursuant to 28 U.S.C. § 1441(a), venue properly lies in the United States District Court for the Southern District of New York, the district embracing New York County.

**A. There is Complete Diversity of Citizenship**

12. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a) because the Parties are diverse and the amount in controversy exceeds $75,000. Diversity of citizenship between Plaintiff and Defendants existed at the time Plaintiff filed the Summons with Notice and continues to exist as of this removal.

**1. Plaintiff's Citizenship**

13. Upon information and belief, Plaintiff resides in Thorton, Colorado and therefore is a citizen of Colorado. *See Smith Decl.*, ¶ 7. For purposes of this Notice, Plaintiff's residence is sufficient to establish that Plaintiff is a citizen of Colorado. *See, e.g.*, *Diego Beekman Mut. Hous.*

*Ass'n Hous. Dev. Fund Corp. Hdfc. v. Dish Network, L.L.C.*, No. 15 Civ. 1094, 2016 WL 1060328, at *7 (S.D.N.Y. Mar. 15, 2016) ("[A]n individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of his domicile – which in turn determines citizenship.") (citation and internal quotation omitted).

### 2. Defendants' Citizenships

14. For the purposes of diversity, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

15. John Paul Mitchell Systems is incorporated in California and has a principal place of business in California. Thus, for diversity purposes, John Paul Mitchell Systems is a citizen of California and is completely diverse from Plaintiff. *See*, Smith Decl. ¶ 9.

16. L'Oréal USA, Inc., is incorporated in Delaware and maintains a principal place of business in New York, New York. *See*, Smith Decl. ¶ 10.

17. L'Oréal USA Products, Inc., is incorporated in Delaware and maintains a principal place of business in New York, New York. *See*, Smith Decl. ¶ 11.

18. Thus, for diversity purposes, L'Oréal USA, Inc. and L'Oréal USA Products, Inc. are citizens of Delaware and New York and are completely diverse from Plaintiff.

19. The erroneously named defendant Wella Professionals is correctly named Wella Operations US LLC. The erroneously named defendant Clairol is not a separate entity, but a brand name under Wella Operations US LLC. Wella Operations US LLC is formed in Delaware and maintains a principal place of business in California. Its sole member is Waves UK DivestCo Ltd, which is a UK company. Thus, for diversity purposes, the erroneously named Clairol and Wella Operations US LLC are citizens of Delaware, California, and the UK and are completely diverse

from Plaintiff. *See*, Smith Decl. ¶ 14.

20. Coty, Inc. is incorporated in Delaware and maintains a principal place of business in New York, New York. Thus, for diversity purposes Coty, Inc. is a citizen of Delaware and New York and is completely diverse from Plaintiff. *See*, Smith Decl. ¶ 15.

21. Kohlberg Kravis Robert & Co. a/k/a KKR & Co., Inc. is incorporated in Delaware and maintains a principal place of business in New York, New York. Thus, for diversity purposes KKR & Co., Inc. is a citizen of Delaware and New York and is completely diverse from Plaintiff. *See*, Smith Decl. ¶ 17.

22. The erroneously named Goldwell New York and Cosmoprof Services US LLC are not separate entities, but brand names under Sally Beauty Holdings, Inc. Sally Beauty Holdings Inc. is incorporated in Delaware and maintains a principal place of business in Texas. Thus, for diversity purposes the erroneously named Goldwell New York, Cosmoprof Services US LLC, and Sally Beauty Holdings Inc. are citizens of Delaware and Texas and are completely diverse from Plaintiff. *See*, Smith Decl. ¶ 18.

23. The erroneously named Goldwell is not a separate entity, but a brand name under Kao Corporation. Kao Corporation is a Japanese company. Its U.S. subsidiary is Kao USA Inc. Kao USA Inc. is incorporated in Delaware and maintains a principal place of business in Ohio. Thus, for diversity purposes, the erroneously named Goldwell and Kao Corporation is a citizen of Delaware and Ohio and is completely diverse from Plaintiff. *See*, Smith Decl. ¶ 19.

24. Bristol-Myers Squibb is incorporated in Delaware and maintains a principal place of business in New Jersey. Thus, for diversity purposes Bristol-Myers Squibb is a citizen of Delaware and New Jersey and is completely diverse from Plaintiff. *See*, Smith Decl. ¶ 20.

25. Procter & Gamble Hair Care, LLC is formed in Delaware and maintains a principal

place of business in Ohio. Proctor & Gamble Hair Care LLC is a wholly owned subsidiary of P&G Hair Care Holding, Inc., which is incorporated in Delaware and maintains a principal place of business in Ohio. Thus, for diversity purposes, Procter & Gamble Hair Care, LLC is a citizen of Delaware and Ohio and is completely diverse from Plaintiff. *See*, Smith Decl. ¶ 21.

26. The erroneously named defendants Pravana, Joico, and Schwarzkopf are not separate entities, but are brand names under Henkel Corporation. Henkel is incorporated in Delaware and maintains a principal place of business in Connecticut. Thus, for diversity purposes the erroneously named Pravana, Joico, and Schwarzkopf, and Henkel, are citizens of Delaware and Connecticut and completely diverse from Plaintiff. *See*, Smith Decl. ¶ 8.

27. Aveda Corporation is a corporation organized in the state of Delaware with its principal place of business in Minnesota. Thus, for diversity purposes Aveda Corporation is a citizen of Delaware and Minnesota and is completely diverse from Plaintiff. *See*, Smith Decl. ¶ 22.

28. Framesi SpA is an Italian corporation and maintains a principal place of business in Italy. Framkat L.P. d/b/a Framesi North America is a subsidiary of Framesi SpA. Framkat L.P. is incorporated in Pennsylvania and maintains a principal place of business in Pennsylvania. The general partner of Framkat L.P. is Denkat Inc., which is incorporated in Pennsylvania and maintains a principal place of business in Pennsylvania, and is therefore completely diverse from Plaintiff *See*, Smith Decl. ¶ 23.

29. FT Pitt Framesi, Ltd. is incorporated in Pennsylvania and maintains a principal place of business in Pennsylvania. Thus, for diversity purposes FT Pitt Framesi, Ltd. is a citizen of Pennsylvania and completely diverse from Plaintiff. *See*, Smith Decl. ¶ 24.

B. **The Amount in Controversy Exceeds $75,000**

28.  The amount in controversy requirement is satisfied in this case because it is clear from the face of Plaintiff's Summons with Notice that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).[2]

29.  "To determine the amount in controversy, the Court first looks to the initial pleading." *Kurland & Assocs., P.C. v. Glassdoor, Inc.*, No. 19-CV-8070, 2020 U.S. Dist. LEXIS 125941, at *3 (S.D.N.Y. July 16, 2020); *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."). "It is well settled that the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Schapira v. Netbase Sols., Inc.*, No. 25-CV-01730, 2025 U.S. Dist. LEXIS 41892, at *1-2 (S.D.N.Y. Mar. 3, 2025) (citation omitted).

30.  Here, Plaintiff states in his Summons with Notice that Plaintiff suffered bladder cancer as a result of using Defendants' products and seeks, among other things, "(a) past and future general damages; (b) past and future economic and special damages; (c) past and future medical expenses; (d) past and future pain and suffering; (e) punitive or exemplary damages; (f) attorney's fees; (g) costs and disbursements; and (h) prejudgment interest all in amounts to be determined at trial. *See*, Smith Decl., Ex. A. The Summons with Notice states that "[s]hould Defendant(s) fail to appear herein, judgment will be entered by default for the sum of $10 million with interest from the date of and the costs of this action." *See*, Smith Decl., Ex. A. Plaintiff's claimed default judgment value of the case in the amount of $10 million easily exceeds the $75,000 amount in controversy threshold.

---

[2] Henkel acknowledges only that the amount Plaintiff puts in controversy in the complaint exceeds $75,000, but neither admits nor concedes the truth of any of Plaintiff's allegations or that Plaintiff is entitled to relief in that amount or any amount whatsoever. Henkel expressly denies all of Plaintiff's allegations, contentions, causes of actions, claims, and damages, and reserve all defenses and rights.

31. Therefore, because the parties are diverse and the amount in controversy has been met, the State Court Action should proceed in federal court.

### C. Additional Procedural Requirements

32. On information and belief, only Defendants L'Oreal USA, Inc., L'Oreal USA Products, Inc., Coty, Inc., Wella Professionals, Goldwell New York, and Kohlberg Kravis Robert & Co. ("Served Defendants") have been served to date. *See*, Smith Decl. Ex. D.

33. Service upon the Served Defendants was procedurally defective pursuant to state law. New York CPLR §305(a) provides that the Summons shall bear the index number:

> (a) Summons; supplemental summons. **A summons** shall specify the basis of the venue designated and if based upon the residence of the plaintiff it shall specify the plaintiff's address, and also **shall bear the index number assigned** and the date of filing with the clerk of the court. []

NY CPLR §305(a) (2025).

34. Copies of the defective Summons with Notice that were sent to the Served Defendants are attached to the Smith Declaration as Exhibits "B" and "C." The subject Summons with Notice states that an Index No. is "UNASSIGNED" and notes "CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK." With the further caution that:

> This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

*See*, Smith Declaration Exhs. "B" and "C".

35. There has been no process, pleadings, or orders properly served upon Henkel in this action. 28 U.S.C. § 1446(a). However, Henkel concurrently files herewith true and correct copies of all process, pleadings, and orders found on the docket of the New York County Supreme Court

for this matter. Smith Decl., Exhs. A-D.

36.     Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and shall file a copy of this Notice along with a Notice of Removal to Federal Court with the Clerk of the Supreme Court of the State of New York, County of New York, where this action currently is pending.

**WHEREFORE**, Henkel Corporation gives notice that the matter bearing Index No. 165813/2025 in the Supreme Court of the State of New York, County of New York, is hereby removed to the United States District Court for the Southern District of New York.

**GREENBERG TRAURIG, LLP**

Dated: New York, New York
       December 11, 2025        By: *[signature]*
                                Keith E. Smith, Esq.
                                One Vanderbilt Avenue
                                New York, NY 10017
                                Tel: (215) 988-7843
                                smithkei@gtlaw.com
                                *Attorneys for Defendant Henkel Corporation.*