UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARIN ECK,<br><br>Plaintiff,<br><br>    v.<br><br>JOHN PAUL MITCHELL SYSTEMS; L'ORÉAL USA, INC.; L'ORÉAL USA PRODUCTS, INC.; WELLA OPERATIONS US, LLC; WELLA PROFESSIONALS; COTY, INC.; KOHLBERG KRAVIS ROBERT & CO. a/k/a KKR & CO., INC.; GOLDWELL; GOLDWELL NEW YORK; KAO USA, INC.; BRISTOL-MYERS SQUIBB; PROCTER & GAMBLE HAIR CARE, LLC; HENKEL a/k/a HENKEL AG & Co. KGaA; SCHWARZKOPF; JOICO; PRAVANA; CLAIROL; AVEDA CORPORATION; FRAMESI SpA; FRAMKAT L.P. d/b/a FRAMESI NORTH AMERICA; FT PITT FRAMESI, LTD.; COSMOPROF SERVICES USA, LLC; SALLY BEAUTY HOLDINGS, INC.; and JOHN DOE CORPORATIONS 1-100, inclusive,<br><br>    Defendants. | Case No.<br><br>**DECLARATION OF KEITH E, SMITH IN SUPPORT OF NOTICE OF DEFENDANT HENKEL CORPORATION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[*Filed concurrently with Notice of Removal*]<br><br>Complaint Filed: December 5, 2025 |

I, Keith E. Smith, declare as follows:

1.      I am an attorney and Shareholder at the law firm Greenberg Traurig LLP and counsel for defendant Henkel Corporation in the above-captioned lawsuit. I am duly licensed to practice in the State of New York and the United States District Court for the Southern District of New York.

2.      I submit this declaration in support of Defendant's Notice of Removal.

3.      I am over the age of 18 years old, I have personal knowledge of the facts set forth in this Declaration, and, if called as a witness, could and would competently testify thereto.

4.      Defendant Henkel Corporation, incorrectly named as "Henkel a/k/a Henkel AG & Co. KGaA" s has not been served in this action.

1

5. Attached hereto as **Exhibit A** is a true and correct copy of the Summons with Notice that has been filed with the clerk of the New York County Supreme Court, Index No. 165813/2025.

6. The Summons with Notice provides the Plaintiff's name and no further identifying information including the address or even state of residence of the Plaintiff.

7. Based upon an investigation done by and on behalf of defendants, Henkel has identified Plaintiff as a citizen of Colorado.

8. Henkel is incorporated in Delaware and maintains a principal place of business in Connecticut. The erroneously named defendants Pravana, Joico, and Schwarzkopf are not separate entities, but are brand names under Henkel Corporation. Thus, for diversity purposes the erroneously named Pravana, Joico, and Schwarzkopf, and Henkel, are citizens of Delaware and Connecticut and completely diverse from Plaintiff.

9. John Paul Mitchell Systems is incorporated in California and has a principal place of business in California. Thus, for diversity purposes, John Paul Mitchell Systems is a citizen of California and is completely diverse from Plaintiff.

10. L'Oréal USA, Inc., is incorporated in Delaware and maintains a principal place of business in New York, New York.

11. L'Oréal USA Products, Inc., is incorporated in Delaware and maintains a principal place of business in New York, New York.

12. Thus, for diversity purposes, L'Oréal USA, Inc. and L'Oréal USA Products, Inc. are citizens of Delaware and New York and are completely diverse from Plaintiff.

13. Attached hereto as **Exhibit B** is a true and correct copy of the defective Summons with Notice that were purportedly served on L'Oreal USA Inc. and L'Oreal USA Products Inc.

2

The subject Summons with Notice states that an Index No. is "UNASSIGNED" and notes "CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK." With the further caution that:

> This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

*See,* Exhibit B.

14. The erroneously named defendant Wella Professionals is correctly named Wella Operations US LLC. The erroneously named defendant Clairol is not a separate entity, but a brand name under Wella Operations US LLC. Wella Operations US LLC is formed in Delaware and maintains a principal place of business in California. Its sole member is Waves UK DivestCo Ltd, which is a UK company. Thus, for diversity purposes, the erroneously named Clairol and Wella Operations US LLC are citizens of Delaware, California, and the UK and are completely diverse from Plaintiff.

15. Coty, Inc. is incorporated in Delaware and maintains a principal place of business in New York, New York. Thus, for diversity purposes Coty, Inc. is a citizen of Delaware and New York and is completely diverse from Plaintiff.

16. Attached hereto as **Exhibit C** is a true and correct copy of the defective Summons with Notice that were purportedly served on Coty, Inc. The subject Summons with Notice states that an Index No. is "UNASSIGNED" and notes "CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK." With the further caution that:

> This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County

Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk. *See,* Exhibit C.

17. Kohlberg Kravis Robert & Co. a/k/a KKR & Co., Inc. is incorporated in Delaware and maintains a principal place of business in New York, New York. Thus, for diversity purposes KKR & Co., Inc. is a citizen of Delaware and New York and is completely diverse from Plaintiff.

18. The erroneously named Goldwell New York and Cosmoprof Services US LLC are not separate entities, but brand names under Sally Beauty Holdings, Inc. Sally Beauty Holdings Inc. is incorporated in Delaware and maintains a principal place of business in Texas. Thus, for diversity purposes the erroneously named Goldwell New York, Cosmoprof Services US LLC, and Sally Beauty Holdings Inc. are citizens of Delaware and Texas and are completely diverse from Plaintiff.

19. The erroneously named Goldwell is not a separate entity, but a brand name under Kao Corporation. Kao Corporation is a Japanese company. Its U.S. subsidiary is Kao USA Inc. Kao USA Inc. is incorporated in Delaware and maintains a principal place of business in Ohio. Thus, for diversity purposes, the erroneously named Goldwell and Kao Corporation is a citizen of Delaware and Ohio and is completely diverse from Plaintiff.

20. Bristol-Myers Squibb is incorporated in Delaware and maintains a principal place of business in New Jersey. Thus, for diversity purposes Bristol-Myers Squibb is a citizen of Delaware and New Jersey and is completely diverse from Plaintiff.

21. Procter & Gamble Hair Care, LLC is formed in Delaware and maintains a principal place of business in Ohio. Proctor & Gamble Hair Care LLC is a wholly owned subsidiary of P&G Hair Care Holding, Inc., which is incorporated in Delaware and maintains a principal place of business in Ohio. Thus, for diversity purposes, Procter & Gamble Hair Care, LLC is a citizen of

Delaware and Ohio and is completely diverse from Plaintiff.

22. Aveda Corporation is a corporation organized in the state of Delaware with its principal place of business in Minnesota. Thus, for diversity purposes Aveda Corporation is a citizen of Delaware and Minnesota and is completely diverse from Plaintiff.

23. Framesi SpA is an Italian corporation and maintains a principal place of business in Italy. Framkat L.P. d/b/a Framesi North America is a subsidiary of Framesi SpA. Framkat L.P. is incorporated in Pennsylvania and maintains a principal place of business in Pennsylvania. The general partner of Framkat L.P. is Denkat Inc., which is incorporated in Pennsylvania and maintains a principal place of business in Pennsylvania, and is therefore completely diverse from Plaintiff

24. FT Pitt Framesi, Ltd. is incorporated in Pennsylvania and maintains a principal place of business in Pennsylvania. Thus, for diversity purposes FT Pitt Framesi, Ltd. is a citizen of Pennsylvania and completely diverse from Plaintiff.

25. All real Defendant entities properly named and served this lawsuit have consented to removal.

26. A true and correct copy of all process, pleadings, and orders found on the docket of the New York County Supreme Court for this matter have been attached at **Exhibit D.**

27. There has been no process, pleadings, or orders properly served upon Henkel in this action. 28 U.S.C. § 1446(a).

I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct.

December 11, 2025

Keith E. Smith